IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RSUI INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRESIDE TERRACE CONDOMINIUM ASSOCIATION, INC., ALEXSEY KARNYEVICH, MAKSIM VILENSKIY, ANTON TOMOV, PAWEL GASIOR, BORIS VILENSKIY, DANNIE RAY THOMAS, REALMANAGE LLC d/b/a ACM COMMUNITY MANAGEMENT, KENNETH SWIATEK, PRIVATE ILLINOIS LAND TRUST U/T/D 1/27/12 A/K/A TRUST NO. 2043655975, and FIRESIDE HOLDING TRUST OF ARLINGTON HEIGHTS, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, RSUI Indemnity Company, by and through its counsel, and for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 against defendants Fireside Terrace Condominium Association, Inc., Alexsey Karnyevich, Maksim Vilenskiy, Anton Tomov, Pawel Gasior, Boris Vilenskiy, Dannie Ray Thomas, Realmanage LLC d/b/a ACM Community Management, Kenneth Swiatek, Private Illinois Land Trust U/T/D 1/27/12 A/K/A Trust No. 2043644975, and Fireside Holding Trust of Arlington Heights.

**NATURE OF ACTION**

1. RSUI Indemnity Company ("RSUI") brings this Complaint under 28 U.S.C. §§ 2201 and 2202 seeking a declaration respecting RSUI's coverage obligations owed to Defendants in connection with the lawsuit styled *Kenneth Swiatek et al. v. Fireside Terrace Condominium*

*Association, et al.*, filed in the Circuit Court of Cook County, State of Illinois, Case No. 2021 CH 04737 ("the Underlying Lawsuit").

2. RSUI seeks a determination that it has no duty to defend or indemnify the Defendants as respects the Underlying Lawsuit.

3. As a result of the dispute between RSUI and the Defendants regarding the existence of insurance coverage for the Underlying Lawsuit, there is an actual case or controversy between the parties.

## PARTIES

4. Plaintiff RSUI is an insurance company that is organized and exists pursuant to the laws of New Hampshire, with its principal place of business in the state of Georgia.

5. Defendant Fireside Terrace Condominium Association, Inc. ("Association") is an Illinois not-for-profit corporation that is organized and exists pursuant to the laws of the State of Illinois, with its principal place of business in Buffalo Grove, Illinois.

6. Defendant Alexsey Karnyevich is an individual who is part of the Association's Board of Managers and resides in Buffalo Grove, Illinois.

7. Defendant Maksim Vilenskiy is an individual who is part of the Association's Board of Managers and resides in Buffalo Grove, Illinois.

8. Defendant Anton Tomov is an individual who was part of the Association's Board of Managers during the events alleged in the Underlying Lawsuit and resides in Des Plaines, Illinois.

9. Defendant Pawel Gasior is an individual who was part of the Association's Board of Managers during the events alleged in the Underlying Lawsuit and resides in Buffalo Grove, Illinois.

10. Defendant Dannie Ray Thomas is an individual who is part of the Association's Board of Managers and resides in Buffalo Grove, Illinois.

11. Defendants Alexsey Karnyevich, Maksim Vilenskiy, Anton Tomov, Pawel Gasior, and Dannie Ray Thomas are collectively referred to herein as the "Board Managers."

12. Defendant Boris Vilenskiy is a unit owner within the Association and resides in Buffalo Grove, Illinois.

13. Defendant Realmanage LLC d/b/a ACM Community Management ("ACM"), is a Delaware limited liability company with its principal place of business in Plano, Texas. Each member of ACM is a citizen of a state other than New Hampshire and Georgia.

14. Defendant Kenneth Swiatek is an individual residing in Buffalo Grove, Illinois.

15. Defendant Private Illinois Land Trust U/T/D 1/27/12 A/K/A Trust No. 2043644975 ("the 105 Trust") is an Illinois trust and is the legal owner of Unit 105 at the Association where Swiatek resides. Swiatek is Trustee and beneficiary of the 105 Trust.

16. Defendant Fireside Holding Trust of Arlington Heights ("the 108 Trust") is an Illinois trust and is the legal owner of Unit 108 at the Association. Swiatek is the Trustee of the 108 Trust.

17. Swiatek, the 105 Trust, and the 108 Trust are joined as nominal defendants in this action as interested and necessary parties to the relief sought pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 19(b).

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity between Plaintiff and Defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.

19. This Court has personal jurisdiction over Defendants because they are residents of or otherwise conduct business in Illinois, including the actions giving rise to the Underlying Lawsuit and the present insurance dispute.

20. Venue is proper pursuant to 28 U.S.C. §§ 139l(b)(1) and (2) because several Defendants are residents of this district and a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this district, which give rise to RSUI's claim for no insurance coverage in this action.

## FACTUAL BACKGROUND

### *The Underlying Lawsuit*

21. On September 16, 2021, Swiatek, the 105 Trust, and the 108 Trust filed the Underlying Lawsuit against the Association, the Board Managers, Boris Vilenskiy, and ACM. A true and correct copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit A.

22. The Underlying Lawsuit alleges the following:

    a. The Association acts as the condominium association for approximately 144 condominium units located at 645-825 Grove Drive, Buffalo Grove, Illinois ("the Property"). Ex. A, ¶ 15.

    b. The Board Managers served as members of the Association's Board of Managers at the time of the events alleged in the Underlying Lawsuit. Ex. A, ¶¶ 5-9, 21.

    c. Defendant Boris Vilenskiy is a unit owner within the Association and has performed various maintenance services within Illinois, including services for the Association. Ex. A. ¶¶ 10, 73.

  d. Swiatek resides at 655 Grove Drive, Unit 105, which is governed by the Association. The 105 Trust is the legal owner of the Unit 105, and Swiatek is Trustee and beneficiary of the 105 Trust. Ex. A, ¶¶ 2, 16.

  e. The 108 Trust is the legal owner of 655 Grove Drive, Unit 108, and Swiatek is the Trustee of the 108 Trust. Ex. A, ¶¶ 3, 17.

  f. Swiatek served as President of the Association's Board of Managers prior to September 9, 2019. Ex. A, ¶ 29.

23. The Underlying Lawsuit alleges causes of action for breach of fiduciary duty, unjust enrichment, declaratory judgment, violation of Illinois' Condominium Act, civil conspiracy, and permanent injunction against the underlying defendants in connection with certain alleged conduct, including but not limited to:

  a. Failure to reimburse Swiatek for amounts Swiatek advanced to the Association during his tenure as President of the Board of Managers;

  b. Violations of the Association's condominium declarations and Illinois' Condominium Act in connection with notices of violation and excessive fines imposed against Swiatek;

  c. Threatened foreclosure and/or eviction of Units 105 and 108 due to purported conduct violations by Swiatek and Association assessments and fines in arrears;

  d. Failure to comply with Swiatek's records request made on the Association;

  e. Self-dealing and insider transactions by the Board Managers;

  f. Impeding Swiatek from taking possession of Unit 108;

  g. Harassing, bullying, stalking, and other abusive conduct towards Swiatek.

24. The Underlying Lawsuit seeks damages and certain forms of injunction against all underlying defendants.

*The RSUI Policy*

25. RSUI issued a Non-Profit Organization Management Liability Policy, policy no. NDP692208, to the Association for the policy period of March 1, 2021 to March 1, 2022, with an aggregate limit of liability of $1,000,000, subject to a retention of $35,000 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

26. The Policy contains a form entitled "Common Policy Terms and Conditions Coverage Section (Non-Profit)", form no. RSG 211003 0121, which imposes on RSUI "the right and duty… to defend any **Claim** against any **Insured** for which coverage applies under this policy[.]" *See* Ex. B, RSG 211003 0121, Section V(A).

27. The Policy contains a form entitled "Directors and Officers Liability Coverage Section (Non-Profit)", form no. RSG 211009 0121, which states in relevant part as follows:

**SECTION I. - INSURING AGREEMENTS**

**Directors and Officers Liability**

\*\*\*

B. With the **Insured Organization,** that if a **Claim** for a **Wrongful Act** is first made against any **Insured Person** during the **Policy Period** and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstance in the Common Policy Terms and Conditions of this policy, the **Insurer** will pay on behalf of the **Insured Organization** all **Loss** for which the **Insured Organization** is required or permitted to indemnify the **Insured Person.**

C. With the **Insured Organization**, that if a **Claim** for a **Wrongful Act** is first made against the **Insured Organization** during the Policy Period and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstance in the Common Policy Terms and Conditions of this policy, the

Insurer will pay on behalf of the **Insured Organization** all Loss the **Insured Organization** is legally obligated to pay.

***

## SECTION III. – DEFINITIONS

***

C. **Insured** means any **Insured Organization** and/or any **Insured Person.**

D. **Insured Person** means:

1. Any past, present or future director, officer, trustee, **Employee,** advisory board member or any committee member of a duly constituted committee of the **Insured Organization;** or

2. In the event the **Insured Organization** or a **Subsidiary** thereof operates outside the United States, then the term **Insured Person** also means those titles, positions or capacities for such foreign **Insured Organization** or **Subsidiary** that are equivalent to the positions of directors or officers in the United States.

***

## SECTION IV. – EXCLUSIONS

The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured**:

***

9. Brought by or on behalf of any **Insured,** except:

   a. A derivative action brought by or made on behalf of, or in the name or right of, the **Insured Organization**, if such action is brought and maintained independently of, and without assistance, participation or intervention of any **Insured**;

   b. Any **Claim** brought by the examiner, trustee, receiver, liquidator or rehabilitator (or any assignee thereof) of such **Insured Organization,** in or after any bankruptcy proceeding by or against an **Insured Organization;**

   c. Any **Claim** brought by any past director, officer, trustee, manager or equivalent executives of the **Insured Organization** who have not served as a director, officer, trustee, manager or equivalent executive for at least three (3) years prior to the date such **Claim** is first made, but only if the **Claim** is

      brought and maintained totally independent of and without the solicitation, assistance, active participation or intervention of the **Insured Organization** or any **Insured Person** not described in this paragraph 9.c.; or

    **d.** Any instigation of or involvement in any **Claim,** or solicitation, assistance, active participation or intervention by any **Insured** whistleblower under Section 806 of the Sarbanes-Oxley Act of 2002 or any rule or regulation promulgated thereunder, or under any similar whistleblower statute, rule or regulation under any other federal or state law.

28. The RSUI Policy also contains an endorsement entitled "ILLINOIS – COVERAGE EXTENSION PROPERTY MANAGER", form no. RSG 212106 1118, which states in relevant part:

    A. The following is added to SECTION II. – COVERAGE EXTENSIONS, of the Directors and Officers Liability Coverage Section and the Employment Practices Liability Coverage Section:

    The following is added to the Directors and Officers Liability Coverage Section and the Employment Practices Liability Coverage Section:

    The amount set forth in Item 4. of the Common Policy Declarations Page shall be the maximum aggregate Limit of Liability for all Loss under this policy. Subject to the foregoing, the amount of $100,000 shall be the maximum aggregate Limit of Liability of the **Insurer** for **Loss** under this policy in connection with any **Claim** made against a **Property Manager**. This sublimit shall be one sublimit only, regardless of the number of Coverage Sections purchased by any or all **Insureds**, and shall be part of and not in addition to the amount set forth in Item 4. of the Common Policy Declarations Page.

    A Retention in the amount of $35,000 shall apply to any **Loss** for any **Claim** made against a **Property Manager**. Such Retention shall be borne by the **Insured**, and the **Insurer** shall only be liable for the amount of **Loss** that is in excess of the above stated Retention.

***

    B. Solely with respect to coverage provided by this endorsement, SECTION III. - DEFINITIONS, H. **Insured Organization** of the Common Policy Terms and Conditions Coverage Section is amended as follows:

    **Insured Organization** also means any **Property Manager**, but solely for Claims arising out of its **Wrongful Acts**, or the **Wrongful Acts** of another **Insured** for which the **Property Manager** is vicariously liable.

### *RSUI's Coverage Communications*

29. On October 20, 2021, the Association tendered the Underlying Lawsuit to RSUI for coverage under the RSUI Policy.

30. On November 2, 2021, RSUI denied coverage for the Underlying Lawsuit due to application of Exclusion 9 of the Policy and identified additional policy provisions that potentially applied to limit or preclude coverage.

31. On November 16, 2021, the Association's legal counsel challenged RSUI's denial of coverage.

### COUNT I – DECLARATORY JUDGMENT
*Exclusion 9 – Against All Defendants*

32. The allegations of paragraphs 1 through 32 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

33. An actual case or controversy exists between RSUI and the Association, the Board Managers, Boris Vilenskiy, and ACM.

34. Nominal defendants Swiatek, the 105 Trust, and the 108 Trust are interested parties to the requested declaratory relief based on their status as plaintiffs bringing the Underlying Lawsuit.

35. The Complaint in the Underlying Lawsuit is brought by or on behalf Kenneth Swiatek, an "Insured" as defined in the Policy.

36. The Complaint in the Underlying Lawsuit is brought against the Association, the Board Managers, and ACM, which are "Insureds" as defined in the Policy.

37. Accordingly, Exclusion 9 of the Policy, contained in form RSG 211009 0121, applies to preclude coverage for the Underlying Lawsuit.

38. Therefore, RSUI is entitled to a declaration that it has no duty to defend or indemnify the Association, the Board Managers, Boris Vilenskiy, or ACM in connection with the Underlying Lawsuit.

## COUNT II – DECLARATORY JUDGMENT
*Against Boris Vilenskiy*

39. The allegations of paragraphs 1 through 32 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

40. An actual case or controversy exists between RSUI and Boris Vilenskiy.

41. Nominal defendants Swiatek, the 105 Trust, and the 108 Trust are interested parties to the requested declaratory relief based on their status as plaintiffs bringing the Underlying Lawsuit.

42. The Complaint in the Underlying Lawsuit alleges that Boris Vilenskiy is a unit owner in the Association and on occasion performs maintenance services for the Association.

43. On information and belief, Boris Vilenskiy is not a past or present director, officer, trustee, "Employee" (as defined in the RSUI Policy), advisory board member or committee member of a duly constituted committee of the Association.

44. Accordingly, Boris Vilenskiy is not an "Insured" as defined in the RSUI Policy.

45. Therefore, RSUI is entitled to a declaration that it has no duty to defend or indemnify Boris Vilenskiy in connection with the Underlying Lawsuit.

## DEMAND FOR JUDGMENT

WHEREFORE, plaintiff, RSUI Indemnity Company ("RSUI"), prays that this honorable Court declare and adjudicate the rights and liabilities of the parties regarding the RSUI Policy with the following relief:

a. Declaring the rights and obligations of RSUI under the Policy as respects the lawsuit styled *Kenneth Swiatek et al. v. Fireside Terrace Condominium Association, et al.*, filed in the Circuit Court of Cook County, State of Illinois, Case No. 2021 CH 04737 ("the Underlying Lawsuit");

b. Declaring that RSUI does not owe a duty to defend or indemnify defendants Fireside Terrace Condominium Association, Inc., Alexsey Karnyevich, Maksim Vilenskiy, Anton Tomov, Pawel Gasior, Boris Vilenskiy, Dannie Ray Thomas, and/or Realmanage LLC d/b/a ACM Community Management in connection with the Underlying Lawsuit.

c. Any further relief that this Court deems just and appropriate.

Dated: January 3, 2022

Respectfully Submitted,

/s/ Kevin A. Lahm
Kevin A. Lahm
Anastasiia Allen
WALKER WILCOX MATOUSEK LLP
1 North Franklin Street, Suite 3200
Chicago, Illinois 60606
(312) 244-6700
(312) 244-6800 (Facsimile)
klahm@walkerwilcox.com
aallen@walkerwilcox.com

*Attorneys for Plaintiff*
*RSUI Indemnity Company*