**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RSUI INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FIRESIDE TERRACE CONDOMINIUM ASSOCIATION, INC., ALEXSEY KARNYEVICH, MAKSIM VILENSKIY, ANTON TOMOV, PAWEL GASIOR, BORIS VILENSKIY, DANNIE RAY THOMAS, REALMANAGE LLC DBA ACM COMMUNITY MANAGEMENT, KENNETH SWIATEK, PRIVATE ILLINOIS LAND TRUST UTD 1/27/12 AKA TRUST NO. 2043655975, and FIRESIDE HOLDING TRUST OF ARLINGTON HEIGHTS,<br><br>Defendants. | No. 22 C 14<br><br>Judge John F. Kness |

## MEMORANDUM OPINION AND ORDER

Plaintiff RSUI Indemnity Company moves for judgment on the pleadings on its request for a declaratory judgment that it does not have a duty to defend or indemnify its insureds against an underlying lawsuit. (Dkt. 29.) As explained below, because the relevant insurance policy's exclusion of coverage for cases brought by an insured against another insured applies, the Court grants Plaintiff's motion.

## I. BACKGROUND*

Plaintiff seeks a declaratory judgment that it does not have a duty to defend or indemnify the remaining Defendants with respect to an underlying lawsuit styled *Kenneth Swiatek et al. v. Fireside Terrace Condominium Association et al.*, No. 21 CH 4737, in the Circuit Court of Cook County, Illinois. (Dkt. 15 ¶¶ 1–2.) Defendants Alexsey Karnyevich, Maksim Vilenskiy, Anton Tomov, Pawel Gasior, and Dannie Ray Thomas (collectively, "Board Managers") are (or were during the events alleged in the underlying lawsuit) members of the Board of Managers of Defendant Fireside Terrace Condominium Association, Inc. ("Association"). (*Id.* ¶¶ 5–10.) Defendant Boris Vilenskiy is a unit owner in the Association. (*Id.* ¶ 12.)

Kenneth Swiatek, in his individual capacity and as trustee of Private Illinois Land Trust UTD 1/27/12 AKA Trust No. 2043655975 ("105 Trust") and of Fireside Holding Trust of Arlington Heights ("108 Trust"), filed the underlying lawsuit against the Association, the Board Managers, Boris Vilenskiy, and Defendant RealManage LLC ("ACM"). (*Id.* ¶ 21.) Plaintiff attached the complaint from the underlying lawsuit as an exhibit to its complaint in this case. (*Id.*; Dkt. 1-1.) According to that complaint, Swiatek is the trustee and a beneficiary of the 105 Trust, which owns Association Unit 105; Swiatek is the trustee of the 108 Trust, which owns Association Unit 108;

* Defendants Kenneth Swiatek, Private Illinois Land Trust UTD 1/27/12 AKA Trust No. 2043655975, and Fireside Holding Trust of Arlington Heights were dismissed with prejudice. (Dkt. 37.) The Court therefore considers the facts admitted by the remaining Defendants in their joint amended answer (Dkt. 15) to decide Plaintiff's Rule 12(c) motion. *See Citizens Ins. Co. of Am. v. Wynndalco Enters., LLC*, 70 F.4th 987, 994 (7th Cir. 2023) (explaining that a court "take[s] the facts alleged in the pleadings in the light most favorable to the nonmoving party" when deciding a Rule 12(c) motion).

and ACM is the Association's property manager. (Dkt. 1-1 ¶¶ 2–3, 11.) The underlying complaint alleges, among other injuries, that the Association (1) failed to reimburse Swiatek, who served as President of the Association's Board of Managers, for amounts that he advanced to the Association; (2) threatened to evict Swiatek and the 105 Trust from Unit 105; and (3) obstructed Swiatek and the 108 Trust from occupying Unit 108. (*Id.* ¶¶ 29–31, 34, 52–53, 82–83.)

Plaintiff issued to the Association a non-profit organization management liability insurance policy that was in effect when the underlying lawsuit was filed. (*See* Dkt. 15 ¶¶ 21, 25.) The policy, which Plaintiff attached as an exhibit to its complaint, provides that "[i]t shall be the right and the duty of the Insurer to defend any Claim against any Insured for which coverage applies under [the] policy." (Dkt. 1-2 at 23.) The policy defines "Insured" as "any Insured Organization and/or any Insured Person." (*Id.* at 35.) "Insured Organization" includes the Association and—subject to limits not relevant here—its "Property Manager." (*Id.* at 3, 17, 29.) "Insured Person" includes "[a]ny past, present or future director, officer, trustee, Employee, advisory board member or any committee member of a duly constituted committee of the Insured Organization," subject to exceptions not relevant here. (*Id.* at 35.)

Under Exclusion 9 of the policy, "[t]he Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured . . . [b]rought by or on behalf of any Insured," subject to exceptions not relevant here. (*Id.* at 36–37.) Plaintiff denied the Association's claim for coverage for the underlying lawsuit. (Dkt. 15 ¶¶ 29–30.)

In Count I of its complaint, Plaintiff seeks a declaratory judgment against all Defendants that it has no duty to defend or indemnify the Association, the Board Managers, Boris Vilenskiy, or ACM in connection with the underlying lawsuit because Exclusion 9 precludes coverage. (Dkt. 1 ¶¶ 32–38.) In Count II, Plaintiff seeks a declaratory judgment against Boris Vilenskiy that it has no duty to defend or indemnify him in connection with the underlying lawsuit because he is not a covered "Insured" under the policy. (*Id.* ¶¶ 39–45.) Plaintiff now moves for judgment on the pleadings as to Count I of its complaint. (Dkt. 29.)

## II. LEGAL STANDARD

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). When deciding a Rule 12(c) motion, the Court considers the complaint, the answer, and any written instruments attached as exhibits. *See N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). The Court "take[s] the facts alleged in the pleadings in the light most favorable to the nonmoving party" and enters judgment "only if it is beyond doubt that the nonmoving party cannot prove facts sufficient to support its position and that the movant is entitled to relief." *Citizens Ins. Co. of Am. v. Wynndalco Enters., LLC*, 70 F.4th 987, 994 (7th Cir. 2023).

## III. DISCUSSION

Exclusion 9 negates Plaintiff's duties to defend and indemnify Defendants in the underlying lawsuit because the underlying lawsuit is by an insured against other

insureds. Under Illinois law, if the underlying complaint alleges facts even potentially within policy coverage, the insurer must defend its insured. *W. Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 183 N.E.3d 47, 55 (Ill. 2021). The scope of policy coverage is determined by "the parties' intent as expressed in the insurance contract's language." *Id.* at 54. The Court gives clear and unambiguous terms in the insurance policy their plain and ordinary meaning but construes terms susceptible to multiple meanings against the insurer. *Id.* The construction of an insurance policy is a question of law. *Sanders v. Ill. Union Ins. Co.*, 157 N.E.3d 463, 467 (Ill. 2019).

**A. Swiatek Is an "Insured"**

Swiatek is the sole plaintiff in the underlying lawsuit; he sues in his individual capacity and as trustee of the 105 Trust and of the 108 Trust. (Dkt. 15 ¶ 21.) The underlying complaint alleges that Swiatek served as President of the Association's Board of Managers. (Dkt. 1-1 ¶ 29.) As a past officer of the Association, Swiatek is an "Insured Person" and an "Insured" under the policy. (Dkt. 1-2 at 35.)

Defendants argue (Dkt. 38 at 7-8) that the underlying lawsuit includes non-insureds as plaintiffs: namely, the 105 Trust and the 108 Trust. Defendants rely on Plaintiff's allegation that "Swiatek, the 105 Trust, and the 108 Trust filed the Underlying Lawsuit" (Dkt. 1 ¶ 21) as proof that the trusts are distinct plaintiffs in the underlying lawsuit. But even though allegations typically bind the party making them, an exhibit to the pleadings that conflicts with the allegations ordinarily controls. *See Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) ("Judicial admissions are formal concessions in the pleadings . . . that are binding upon the

party making them."); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (ruling against nonmoving party on motion to dismiss where exhibit contradicted complaint's allegations, because "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls"). Defendants' underlying complaint, which is an exhibit to the pleadings, contradicts the allegation that the trusts are distinct plaintiffs; the underlying lawsuit has only one plaintiff, Swiatek, suing in his individual capacity and as trustee of the trusts. (Dkt. 1-1 at 1.) Defendants' argument to the contrary, Swiatek's capacity as trustee does not eliminate him as an "Insured." *See Miller v. St. Paul Mercury Ins. Co.*, 683 F.3d 871, 874 (7th Cir. 2012) (under Illinois law, insured-versus-insured exclusion precluded duty to defend against suit by insured former director suing as trustee).

**B. Exclusion 9 Is Enforceable**

Defendants also contend that Exclusion 9 is unenforceable because it is against public policy for violating sections 12(a)(3)(D), 18(b)(2), and 18.4 of the Illinois Condominium Property Act, 765 ILCS 605/1 *et seq*. Section 12(a)(3)(D) of the Act requires the board of directors of a condominium association to obtain certain "directors and officers liability coverage." 765 ILCS 605/12(a)(3)(D). Section 18(b)(2) requires the association's bylaws to provide "that the association shall have one class of membership." 765 ILCS 605/18(b)(2). Section 18.4 requires the officers and members of the board to "exercise the care required of a fiduciary of the unit owners." 765 ILCS 605/18.4. According to Defendants, these provisions combine to require an insurer to cover claims by any unit owner.

Applicable precedent, however, does not support Defendants' theory; as a result, the Court declines to endorse it. The Condominium Property Act "regulates only condominiums" and its objective is "to impose certain insurance-related obligations on the association and its board, not on insurance producers." *Royal Glen Condo. Ass'n v. S.T. Neswold & Assocs., Inc.*, 18 N.E.3d 137, 142 (Ill. App. Ct. 2014). Relying on *Royal Glen*, the Illinois Appellate Court has explained that "nothing in [section 12 of the Act] mandates that insurers" provide specifically-prescribed coverage. *See Hopkins v. State Farm Fire & Cas. Co.*, 2019 IL App (5th) 180285-U, ¶ 44 (public policy was not violated by exclusion, from unit owner's policy, of coverage for events caused by enforcement of ordinance or law). That reasoning applies here and forecloses Defendants' argument that Exclusion 9 violates the public policy of Illinois.

### C. Exclusion 9 Applies to the Duty to Defend

Defendants argue at the last that, because Exclusion 9 says that "[t]he Insurer shall not be liable *to make any payment* for Loss in connection with any [insured-versus-insured] Claim" (Dkt. 1-2 at 36 (emphasis added)), Exclusion 9 applies only to Plaintiff's duty to indemnity (not to its duty to defend). (Dkt. 38 at 7.) Liability "to make any payment," Defendants say, refers only to indemnification, not to defense. (*Id.*) But the policy says otherwise: Plaintiff must defend "any Claim against any Insured *for which coverage applies under this policy*." (*Id.* at 23 (emphasis added).) Exclusion 9 prevents coverage from applying, so Plaintiff need not defend the underlying lawsuit. *See RSUI Indem. Co. v. McDonough Dist. Hosp.*, No. 16-cv-04177,

2017 WL 4319117, at *3 n.2 (C.D. Ill. Sep. 28, 2017) (materially identical exclusion language negated duty arising from identical duty-to-defend clause).

Because Swiatek is an "Insured," Plaintiff has no duty to defend or indemnify Defendants respecting Swiatek's lawsuit under Exclusion 9's elimination of coverage for insured-versus-insured lawsuits.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 29) as to Count I is granted. Plaintiff is entitled to a declaratory judgment that it has no duty to defend or indemnify the Association, the Board Managers, Boris Vilenskiy, or ACM in connection with the underlying lawsuit. Because the declaratory judgment will satisfy the request in Count II for a declaration regarding Plaintiff's duties to defend and indemnify Boris Vilenskiy, Count II is dismissed as moot. *Cf. Hanover Ins. Co. v. R.W. Dunteman Co.*, 446 F. Supp. 3d 336, 348 (N.D. Ill. 2020) (dismissing insurer's duplicative requests for declaratory relief after granting insurer declaratory judgment on the pleadings); *Sentinel Ins. Co. v. Serra Int'l*, 119 F. Supp. 3d 886, 893 (N.D. Ill. 2015) (dismissing insurers' duplicative requests for declaratory relief after granting insurer declaratory judgment on motion for summary judgment).

SO ORDERED in No. 22 C 14.

Date: September 22, 2026

JOHN F. KNESS
United States District Judge